Vielen Dank. Mr Geleo Normally under this situation, we'll ask you if it's okay with you to argue the counsel table that thank you just way you can rest your legs, pardon me, your honor, that way you can rest your legs. Thank you. May it please the court on behalf of James R. Bowmer. My name is Omar Geleo. Mr. Bowmer is requesting reversal of his conviction based upon ineffective assistance of his counsel and based upon improper 402 admonishments given by the trial judge. Regarding the ineffective assistance of counsel, there are two situations where the Illinois Supreme Court has stated that proceeding to a stipulated bench trial amounts to ineffective assistance. Appellant respectfully submits that trial counsel is ineffective under both standards. The first one is where the entire case is presented by stipulation and no defense is presented or preserved. Here, there is no doubt that the entire case of the state was presented by way of stipulation. There were no opening statements, no closing arguments, no evidence was presented other than the stipulations. No cross examination or direct examination occurred of the witnesses because no witnesses were called.  Properly given whether the pound statement was given after Miranda was properly waived. However, the stipulations here specifically stated that Mr. Bowmer made a knowing waiver of his Miranda warnings. This stipulation prevented Mr. Bowmer from presenting his suppression hearing on appeal. A waiver requires a knowing, intelligent, and voluntary waiver. At trial, appellant challenged both the knowing waiver of his Miranda warnings and the voluntary nature of those. And by trial counsel stipulating to the fact that the waiver was knowing was ineffective and failed to present, preserve his defense on a suppression hearing. Regarding the second situation, Campbell stated that an attorney is ineffective when stipulating to a trial when the stipulation concedes the sufficiency of the evidence. Here, although the stipulations themselves do not state that they were enough for the trial, the record is clear that's exactly what happened. Prior to taking the admonishments and reading them into the record, the trial court asked, and the state and defense present four written stipulations suggesting that the contents of the stipulation, the state will be able to meet its burden of proof beyond a reasonable doubt. And the state is requesting that I read these stipulations into the record. Am I correct? The state said, yes. Trial counsel then asked, excuse me, the trial judge then asked trial counsel, and he also, and asked him, do you also agree? And he stated, yes. So the purpose of these stipulations was clear. It was to find my client guilty. There was no trial. There was no chance of him succeeding at this motion. And what's especially prejudicial about it is how it all came about. My counsel, trial counsel told the appellant that what a stipulated bench trial would be. And what that stipulated bench trial would be, would be that he would be able to mount a defense. He would be able to preserve his claims of innocence. And that's not what happened here. There was no intent. There was no chance that my client was going to win this trial. It was a plea of guilt. And trial counsel conceded that the evidence was sufficient to convict. Trial counsel was also ineffective based on his failure to file a motion to cross arrest and suppress evidence. At the Miranda hearing, the trial court found that Mr. Bowmer was subject to the house being searched based upon a ruse that was committed by the Bentonville Police Department. After he was lied to in return, he was confronted by tactical police officers while he was still seated in his vehicle. And he was forced out of his car. The trial court found at that time, Mr. Bowmer was under arrest. However, at that time, the state possessed, the police or state possessed zero evidence that my client committed a crime or that even a crime was committed. At the time of his arrest, there were no illegal images found in the house. And the only evidence that they had in their possession was that there was a computer located at this Bentonville address that was offering to distribute images of child pornography. The house was owned by a third party who was my client's uncle. There was a Comcast internet account registered to Mr. Bowmer. The house was not under exclusive control by my client, that there was another person living at that house when the police arrived by the name of William Dugan. And that he also lived and had access to everywhere in the house, including the computers in the house. And that the appellant lived at that house only part time. However, importantly, at the time of his arrest, the police had not discovered any images of child pornography. And it's clear that without finding images of pornography, of child pornography in this house, that there could not be probable cause to arrest Mr. Bowmer for any offense, let alone possession of child pornography. And finally, regarding the 402 admonishments, Supreme Court rule 402 requires a trial court prior to accepting a plea of guilty to determine whether the defendant understands the nature of the charge, the minimum and maximum sentences prescribed by law, that the defendant has a right to plead not guilty, to plead guilty, or to persist in a plea not guilty. If one has already been made. And lastly, that a plea would waive all trials, including a right to a jury trial, a bench trial, and the right to confront witnesses. As argued earlier, what happened at the stipulated bench trial was a guilty plea. It was not a trial. And when trial counsel told the trial judge that the stipulations were presented with the understanding that they were sufficient to find my client guilty, 402 admonishments were triggered and the trial court was obligated to understand to make sure that my client understood that he had a right to plead not guilty. Let me ask you, did he stipulate that the evidence was sufficient to convict you or did he stipulate that it was the state's position that the evidence was sufficient to convict you? Well, Your Honor, the question that was posed by the judge was that the four written stipulations suggesting that the contents of the stipulation, the state will be able to meet a burden of proof beyond a reasonable doubt. And to that question, trial counsel answered yes. So there was no doubt what the purpose and the intent of the stipulations were. They were to find my client guilty. There was no shot of my client winning this trial or even having a chance to be found not guilty beyond a reasonable doubt because trial counsel stated to the court that that's what will happen once these stipulations are made part of the record. And what the admonishment, is that normal procedure has to the beyond a reasonable doubt stipulation? Is that a normal thing on a stipulated bench trial? Well, Judge, I would argue that it is not based upon who makes the finding. Well, ultimately, it would be the trial court that would make a finding after a stipulated bench trial. And the stipulation is to the evidence, the understanding by the defendant of what the evidence is that the state will be presenting, right? Yes, Your Honor. But this went one step further than that. Well, I'm asking. That's why I stay with the question. Is that normal procedure? Yes. In a stipulated bench trial that a defendant defense counsel stipulates to a finding that's properly made and only made by the trial court. Well, Judge, I think it would be the equivalent to stipulating to something like a foundational requirement for an evidence. Oh, it's much more serious than that. I agree. Come on. I agree, Your Honor. Who makes a finding that the evidence that is stipulated to is sufficient to sustain a finding of guilt beyond a reasonable doubt? And, Judge, I believe that's what the error was committed by trial counsel is when he did stipulate that this evidence was sufficient to guilt. That brings us into the second Campbell standard. If it was a normal stipulated bench trial, there would be no stipulation that the evidence would be sufficient to convict. That would be a finding that the trial court would make after all of these stipulations were read into the record. What happened here was that the court can reject it. Well, yes, I guess it does. You're not a trial court is not bound by that and stipulate all day long that the earth is flat, but the trial court can't make a reasonable finding that the earth is flat. But, Judge, that's not. You can stipulate that evidence will be presented that the earth is flat. I understand, Judge, but that's what happened here was that the stipulations was that the contents of the stipulations were sufficient enough to convict. And that's why I'm asking, is that normal procedure in stipulated bench trials? I don't believe it is, Your Honor. Okay. Well, what he preserved here was, as opposed to the plea, he was preserving his right to appeal the motion to suppress, right? He was trying to, and without, assuming the motion to suppress is denied, what chance did he have of winning this trial, regardless of what his lawyers said? Well, Judge, as the appellant testified in the motion for a new trial, there were valid defenses that he had. There was the issue about the images predating the operating system, that indicative of them being pushed onto a system as opposed to being downloaded. There's the evidence that where he testified that the computer was made out of salvaged parts, that there was no wireless protection. All of that evidence it presented, plus with an expert to come in and testify on that, he would have had a valid defense. Of knowledge, of that these images were not downloaded by him, that he did not have knowledge that these images were on his computer, but instead were pushed onto a system because his computer was hijacked. And he also testified that his router was subjected to a DDOS attack that essentially fried his server. And didn't he also, didn't he tell the police that he downloaded the stuff and he knew they were kids and he knew they were real? Well, Judge, he did make that statement, but I would argue that that statement was made after the illegal arrest that occurred. So that goes to motion to suppress, but if he loses on that, that comes in. So, well, Judge, I think if it, respectfully, I think if it would be, wouldn't automatically come in if he was subjected to an illegal arrest, that there would be further need to be found out if there was an attenuation on that statement. But I think what's more important about that is if he is successful in the motion to quash the arrest, the pornographic images would get suppressed. And without having evidence of any pornographic images, there would be no conviction for possession of child pornography. Thank you. And lastly, the statements that the trial counsel, the trial judge did make to my client only added to the confusion of what transpired here. Trial, the trial, the trial judge told my client initially that this would be a stipulated bench trial, that she would be making the determination of guilt or innocence or guilt or not guilty. And that this would, the burden of proof remains upon the state. Few moments later, the exact opposite happened. The trial judge admonishes my client that a mitigating factor in this of why he's getting subjected to probation or potentially getting sentenced to probation was that he's standing in front of the judge pleading guilty. And that would not be, that would be a mitigating factor and couldn't be used in aggravation because he was accepting responsibility for his actions, which is completely opposite of what a trial would be. So the judge basically in the 402 admonishments told, one, that this is going to be a regular trial where the burden stays on the state. And then the next hand tells my client that you're pleading guilty. So that's now a mitigating factor. It can't be both ways. It's either a trial or it's a plea of guilty. And what the trial court's recollection of this subsequent to the hearing was that it was a trial. When the motion for a new trial was filed, the trial judge said, hey, why are you filing a motion for a new trial? You should be filing a motion to withdraw your guilty plea. And that just shows that what the purpose of the stipulated bench trial was. It was to find my client guilty. And with that, Your Honor, I will reserve the remaining time for rebuttal unless Your Honor has some questions for me. Mr. Leiter, may it please the court, counsel, the people respectfully disagree that there was ineffective assistance of counsel. The defense counsel did not stipulate to the sufficiency of the evidence. Defense counsel hangs his head on the trial court statement, which he read a couple of times. But it says. The court asked the state and defense present for written stipulations suggesting that the contents of the stipulation. Will be able to meet a burden of proof. The unreasonable doubt. Could you repeat that? Yes. The court quote, and the state and defense present for written stipulations suggesting that the contents of the stipulations the state will be able to meet its burden of proof by the unreasonable doubt. And the state is requesting that I read these stipulations into the record. Am I correct? Assistant state's attorney? Yes. The court, you also agree? Speaking to defense counsel. Yes. So I think Justice Schmidt hit the nail on the head here. And he's not stipulating to the sufficiency of the evidence. He's only stipulating that the state believes that they can prove this, and then he wants it read into the record. Furthermore, this statement is out of context. Right before this, the trial court was admonishing defendant of what a stipulated bench trial was. He told the defendant that the state would still have to prove him guilty beyond a reasonable doubt. Now, his lawyer is right next to him. The lawyer knows the law. It's taken out of context because later when the trial court makes the finding. He finds that the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt. So the trial court did weigh the evidence. It was not a done deal. With regard to the not preserving a defense. While he did preserve a defense, the trial court found that the defense counsel and the defendant had no chance of winning a trial. And that's why we do stipulated bench trials. I think you can agree that 99.9% of the time, a stipulated bench trial ends up with a guilty verdict. And of course, we don't see the ones that aren't guilty verdicts, but it's a way of preserving any defense. And the only defense he had was the motion to suppress. The evidence was overwhelming. The people already had a search warrant based on a probable cause. And they knew that there was a Comcast account registered to the defendant. And that this computer was in his house. And it was on a secure network. And it was offering to disseminate child pornography. That's probable cause, not only for the search warrant, but to arrest the defendant. In fact, in the motion to suppress, the trial court found that the defendant was arrested as soon as the defendant showed up and the police took him into custody. So that leads to the motion to quash, arrest, and suppress evidence. It's the defendant's burden that showed that there's a reasonable probability that that would have been granted and it would have changed the outcome of the trial. Well, the trial court already found that he was arrested when he arrived home. But yet, the trial court denying the motion to suppress. So that goes to show me that any motion to quash arrest would have been unfruitful. With regard to the 402 admonishments. Even if you do find that the defense attorney was ineffective for either failing to preserve a defense. Or for stipulating to the evidence, the trial court specifically and substantially follow rule 402A and admonish the defendant of three of the four requirements under 402A. The only one that the trial court failed to admonish the defendant was the third prime where he could plead guilty, persist in his plea of guilty, or plead not guilty. This Doherty case is from this court, and it is directly on point, Justice Litton authored that opinion. And I ask that you follow Doherty, even if you do find that counsel stipulated to the sufficiency of the evidence, or failed to maintain a defense. But I think it's clear, based on the entire record and its proper context, that this was a stipulated bench trial. And it is kind of curious to me, the defendant asked that this court reverse his conviction, but he received a sweetheart deal of two years of probation. And the police found 25 pornographic, child pornographic images on his computer. He was indicted on five counts, and there were 20 other images on his computer. If this court does give the defendant relief, it goes back. He's facing five counts of child pornography, and those charges are class two felonies with three to seven years in prison. So he would be looking at a minimum of 15 years in prison, because they have to be served consecutively. What does that have to do with the issues on appeal?  I just wanted to make you aware that it's just curious to me why the defendant would be asking for that when it falls under the heading of, be careful what you ask for, because you just might receive it. So if you don't have any questions, I'd ask that you affirm the defendant's conviction. Thank you, Mr. Fletcher. Mr. Julio, some rebuttal. Very briefly, Your Honor. Thank you. Just the evidence, Your Honor, the evidence in this case was not overwhelming. The only evidence that they had against my client linking him to this, to these images, was his statement. And that statement was all over the place. When it occurred, how it occurred, was in doubt. It's not clear from the record what even this statement actually was. And also, Judge, Your Honors, I'm sorry. Just because there was a search warrant issue does not amount to probable cause to arrest. There's hundreds of cases, and Your Honors are fully aware, where a search warrant occurs and no arrest becomes of it. Because there needs to be independent probable cause for the arrest. Can't be piggybacked just because a judge found probable cause for a search warrant. And also, in the same vein, just because the judge found Miranda to be away voluntarily is vastly different than probable cause to arrest. The standard for probable cause to arrest is whether a crime occurred and whether my client committed that crime. Here, at the time of the arrest, there were no images even recovered. There was not even a crime that occurred at that point. Well, let me ask you this. When the police are executing a search warrant, can they detain people about the premises? Sure. But that's not probably- They're not free to leave, right? Yes, Your Honor, but I think that's a different standard than whether there's probable cause to arrest. I think that would fall under the safety of the police officers in that situation, to be able to maintain control of a potentially hostile situation, where they don't know what they're getting into, going into some house that they've never been in. Well, I guess my real question is, was this fellow really under arrest, or was he being detained? Because this is his house, and he was coming up there, and they want to keep an eye on him, while, as they always do when they're executing a search warrant. Well, that's not what the trial court found, Your Honor. The trial court specifically found that the time of arrest was when he got out of the car. At the suppression hearing, the time of the arrest was in dispute. The police officers that testified, all testified that the arrest occurred after the statement was made. And the trial court said, no, no, no. The arrest occurred when he was assaulted outside of his vehicle and forced to exit his vehicle with tactical police officers who were armed, who had protective bulletproof vests on. And from the record, they were carrying assault rifles. That's at the time of the arrest. And that determination was made by the trial court, after hearing all of the evidence that the state presented regarding the timing of the arrest, because the state did want the timing of the arrest to line up with what the police officer said, that the arrest only occurred after the statement was made. Well, if what you just said in the trial court said is right, then every time the police come in to serve a search warrant, they grab somebody and detain them so they can watch them while they're executing that search warrant, then that person's under arrest. Police officers routinely carry guns. Well, this was more than just guns. These were military-style rifles in tactical gear. Well, it doesn't matter if they're bazookas, for crying out loud. The fact is, they're gonna grab this guy and keep an eye on him. And so they can execute the search warrant without having to watch their backs every second. I agree, Judge, but that's not what the trial court found here. The trial court specifically found that the timing of the arrest was when he was forced to exit his vehicle. That- Was that before they executed the search warrant? The search warrant was still ongoing, Your Honor. The search warrant was ongoing. When they arrived at the house, they executed the search warrant. They found William Dugan there. They detained him. Then they formulated a ruse to get Mr. Volmer to return back to the house by lying to him, telling him that a burglary occurred at the house and that he needs to come back because William Dugan was out and saw a burglar leaving the house. And they wanted him to come back to verify what, if any, items were stolen from the residence. And under that false premise, he returns. He gets confronted by these tactical police officers and forced out of his car at that point. So really, really, they brought this gentleman to the scene of the execution of the search warrant? 100%. Okay. And that's what led to the five-year argument at the trial judge that  I'm sorry, Your Honor. That led to the trial judge's finding that the arrest, an arrest occurred when they went to his car and detained him at that point. Yes, 100%. And that was the finding of the trial judge? Yes, Your Honor. All right. Thank you, Your Honor. Thank you both for your arguments here this afternoon. This matter will be taken under advisement. And this position will be issued and will be a recess for a panel change before the next case. Thank you.